Sebastian CANO–DIEGO, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 06–73690.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 26, 2007.

Filed Nov. 20, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Evangeline G. Abriel, Esq., Erika Rivera, Law Student, Santa Clara University Law School, Santa Clara, CA, for Petitioner.

Sebastian Cano, Mesa, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Chief Counsel, Phoenix, AZ, Genevieve Holm, Esq., Wendy Benner–Leon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GIBSON,* BERZON, and BEA, Circuit Judges.

MEMORANDUM **

Cano–Diego, a Guatemalan native and citizen, petitions for review of the Board of Immigration Appeals ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying cancellation of removal.

Cano–Diego conceded he was removable as charged under 8 U.S.C. § 1227(a)(2)(B)(i) for his conviction for possession of drug paraphernalia in violation of Arizona Revised Statutes § 13–3407, and under 8 U.S.C. § 1227(a)(2)(C) for his conviction for the unlawful discharge of a firearm in violation of Arizona

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit R. 36–3.

Revised Statutes § 13–3107. Cano–Diego applied for cancellation of removal.

An IJ conducted hearings on Cano–Diego's application for cancellation of removal but, for reasons unknown, withdrew from the case before issuing an opinion. Another IJ took over Cano–Diego's case, pursuant to 8 C.F.R. § 1240.1(b), and issued an opinion which described the record testimony and documentary evidence in detail. The opinion denied cancellation of removal after weighing the positive and negative factors in Cano–Diego's application.

### I.

 Cano–Diego challenges the substitution of IJs between his merits hearings and the decision as a violation of his due process rights. This claim lacks merit. The substitution of IJs did not render Cano–Diego's proceedings "fundamentally unfair" and, therefore, did not violate his due process rights. *See Reyes–Melendez v. INS,* 342 F.3d 1001, 1006 (9th Cir.2003). The deciding IJ's accurate and detailed description of the record in his opinion demonstrated he thoroughly familiarized himself with the record. The new IJ's failure expressly to state that he familiarized himself with the record, as required by 8 C.F.R. § 1240.1(b), was a "harmless error" at worst because there was "no question that the new IJ was in fact familiar with the record." *Vides–Vides v. INS,* 783 F.2d 1463, 1469 (9th Cir.1986). Further, Cano–Diego has not demonstrated prejudice, especially in light of one of the final statements the original IJ who heard his testimony made: "I've heard your answers, sir, and I am completely unimpressed by you, except in a negative way." Accordingly, Cano–Diego has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review under the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D). *See Bazua–*

*Cota v. Gonzales,* 466 F.3d 747, 748 (9th Cir.2006).

### II.

 Cano–Diego also challenges the IJ's denial of cancellation of removal after weighing the positive and negative factors in his application, arguing it was impermissible for the IJ to rely on arrests that did not result in conviction. The claim is unexhausted because Cano–Diego failed to raise it in his brief to the BIA. We lack jurisdiction to consider unexhausted claims that could have been corrected by the BIA. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). In addition, the IJ's determination relied on Cano–Diego's actual convictions, and there is no indication in the record the arrests that did not result in conviction played a major role in the IJ's decision.

### CONCLUSION

Accordingly, the petition is dismissed for lack of jurisdiction. The stay of removal shall continue in effect until the issuance of the mandate.

DISMISSED.