Amad HOSSAIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 05–76904, 06–73198.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gina C. Lo, Esquire, Ask Law Group, Prashanthi Rangan, Esquire, Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Edward J. Duffy, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

In these consolidated petitions for review, Amad Hossain, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for adjustment of status (No. 05–76904) and the BIA's order denying his motion to reopen based on ineffective assistance of counsel (No. 06–73198). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and for abuse of discretion the BIA's denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review in No. 05–76904 and deny the petition for review in No. 06–73198.

We lack jurisdiction to review the agency's discretionary denial of Hossain's application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Bazua–Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir.2006) (per curiam). Hossain's contention that the agency failed to weigh the equities properly is not a colorable due process claim, and so does not confer jurisdiction. *See Bazua–Cota*, 466 F.3d at 749.

Hossain contends that the IJ violated due process by exhibiting bias. Contrary to Hossain's contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted).

We agree with the BIA that the performance of Hossain's former counsel did not result in prejudice, and thus Hossain's claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (petitioner must show prejudice to prevail on an ineffective assistance of counsel claim). We do not consider Hossain's contentions regarding his former counsel's competence because the prejudice determination is dispositive. *Cf. Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (per curiam) (BIA must address competence where prejudice is not dispositive).

No. 05–76904: **PETITION FOR RE-VIEW DISMISSED in part; DENIED in part.**

No. 06–73198: **PETITION FOR RE-VIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.