**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE ELEAZAR BAZUA-COTA,
                    *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 06-70717

Agency No.
A77-282-645

ORDER

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2006

Filed October 3, 2006

Before: Diarmuid F. O'Scannlain, Susan P. Graber and
Richard R. Clifton, Circuit Judges.

Per Curiam Order

---

## COUNSEL

Alejandro Garcia, City of Commerce, California, for peti-
tioner Jose Eleazar Bazua-Cota.

John Hogan, Office of Immigration Litigation, United States
Department of Justice, Washington, DC, for the respondent.

---

## ORDER

PER CURIAM:

Jose Eleazar Bazua-Cota, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We hold that we lack jurisdiction to review the BIA's discretionary denial of adjustment of status, and we dismiss the petition.

On April 26, 2000, the former Immigration and Naturalization Service issued a Notice to Appear, alleging that Petitioner was subject to removal under Section 237(a)(1)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(C)(i). Petitioner admitted all factual allegations and conceded he was removable as charged. The immigration judge ("IJ") denied his applications for adjustment of status and voluntary departure, as a matter of discretion, and ordered him removed to Mexico. The BIA affirmed the IJ's decision without opinion.

In this petition for review, Petitioner seeks review of the denial of his application for adjustment of status under 8 U.S.C. § 1255.[1] However, the decision to deny Petitioner's application for adjustment of status is a discretionary determination, and is therefore unreviewable. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

This court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001 (9th Cir. 2003); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). In an attempt to invoke our juris-

---

[1]Petitioner does not challenge the discretionary denial of voluntary departure, nor could he, because we would lack jurisdiction over such a challenge. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i) and 1229c(f); *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004).

diction over this petition for review, Petitioner contends that the BIA and IJ violated his right to due process by failing to properly weigh the equities and hardship before denying his application for adjustment of status. This argument is an abuse of discretion challenge re-characterized as an alleged due process violation. This court has previously held that abuse of discretion challenges to discretionary decisions, even if recast as due process claims, do not constitute colorable constitutional claims. *See Torres-Aguilar v. INS,* 246 F.3d at 1271. Accordingly, we grant respondent's motion to dismiss this petition for review for lack of jurisdiction.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue until issuance of the mandate.

**DISMISSED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.