**Gurdeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70770.

United States Court of Appeals, Ninth Circuit.

Submitted June 23, 2006.*

---

---

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Peachey, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Gurdeep Singh, a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals (BIA) affirming, without opinion, the immigration judge's (IJ) order of removal and the IJ's denial of Singh's application for adjustment of status.

Singh first argues that the IJ erred in finding that he had failed to satisfy his burden of proving eligibility for asylum and withholding of removal based on an adverse credibility finding.[1] We have ju-

risdiction to review the order of removal under 8 U.S.C. § 1252(a). We review the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004).

Substantial evidence supports the adverse credibility determination. The IJ found that Singh's testimony regarding material events was, in several instances, inconsistent, contradictory, incredible, and incomplete. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). Therefore, the BIA did not err in denying Singh's application for asylum and withholding of removal.

Singh next argues that the IJ abused her discretion in denying Singh's application for adjustment of status by failing to balance the equities and basing a decision solely on lack of credibility. We lack jurisdiction to review the discretionary determination of Singh's entitlement to the relief of adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i); *Bazua–Cota v. Gonzales,* 466 F.3d 747 (9th Cir.2006).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Singh also argues that his testimony, when credited, establishes his eligibility for relief

under the Convention Against Torture. Because Singh failed to raise this claim before the IJ or the BIA, we lack jurisdiction to review this issue. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).