Byron LOPEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–70280.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Esq., Emily A. Radford, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gjon Juncaj, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Byron Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming, without opinion, an immigration judge's ("IJ") order denying his application for adjustment of status. We dismiss the petition for review.

We lack jurisdiction to review the IJ's discretionary denial of Lopez's application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Bazua–Cota v. Gonzales,* 466 F.3d 747, 748 (9th Cir.2006) (per curiam).

Lopez's contention that the IJ failed to properly weigh the equities is not a colorable due process claim, and so does not confer jurisdiction. *See id.* at 749.

Lopez's request for a remand to allow the agency to consider new evidence is unavailing. The proper recourse is to file a motion to reopen. *See* 8 C.F.R. § 1003.2(a) & (c)(1).

Because we lack jurisdiction to review the merits of the IJ's decision, we do not review the adequacy of the IJ's explanation for its decision. *See Fernandez v. Gonzales,* 439 F.3d 592, 604 (9th Cir.2006).

If the Respondent is correct that the petition for review was filed late, that would be another reason we lack jurisdiction.

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).