**David Litonjua AMPONIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71505.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed May 25, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Howard Hom, Esq., Law Office of Howard Hom, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland, San Francisco, CA, David M. McConnell, Kurt B. Larson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Sarah Maloney, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and CARNEY,* District Judge.

## MEMORANDUM **

David Amponin gained status as lawful permanent resident by falsely claiming to be the unmarried child of a naturalized U.S. citizen. The Immigration Judge ("IJ") found that Amponin was removable as a result of this fraud, and denied Amponin's request for cancellation of removal, but permitted voluntary departure. The Board of Immigration Appeals ("BIA") affirmed denial of the cancellation but re-

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

voked voluntary departure.[1] Amponin argues that the BIA erred in affirming the denial of cancellation and also by revoking voluntary departure. Jurisdiction is conferred by 8 U.S.C. § 1252. We dismiss the petition with respect to cancellation of removal, and deny with respect to voluntary departure.

We review factual findings for substantial evidence but questions of law are reviewed de novo. *Lin v. Ashcroft,* 377 F.3d 1014, 1023–24 (9th Cir.2004).

■ 1. Amponin argues that the BIA erred in affirming the IJ's decision because the IJ failed to make "comprehensive findings" regarding the nature of the fraud, citing *Matter of Tijam,* 22 I. & N. Dec. 408 (BIA 1998). However, *Tijam* does not require comprehensive findings. *Tijam* only required that the IJ "look at each of the adverse factors, including the alien's initial fraud." *Id.* at 417. The IJ's consideration of circumstances of Amponin's fraudulent application was sufficient, and the factual record was adequate for meaningful appellate review. Accordingly, as we only have jurisdiction over colorable legal questions, *see Bazua–Cota v. Gonzales,* 466 F.3d 747, 748–49 (9th Cir.2006) (per curiam order), and Amponin has failed to raise a colorable issue, we dismiss the part of Amponin's petition relating to cancellation of removal.

■ 2. Amponin also argues that the BIA had no authority to cancel voluntary departure after it was granted by the IJ. An alien is only eligible for voluntary departure if "the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure." 8 U.S.C. § 1229c(b)(1)(B). The BIA made a finding that Amponin was not of good moral character because he had lied under oath during his testimony before the IJ, and the BIA revoked voluntary departure.[2]

The jurisdiction of the BIA extends to "[d]ecisions of Immigration Judges in removal proceedings … except that no appeal shall lie seeking review of the length of a period of voluntary departure granted by an Immigration Judge." 8 C.F.R. § 1003.1(b)(3). We read this implicitly to authorize the BIA to review a grant of voluntary departure so the BIA has authority to reverse an IJ's grant of voluntary departure when the IJ erred as a matter of law.

■ 3. Finally, Amponin argues that only an IJ may order removal. We have held that "where the IJ has previously determined that the alien is removable but grants cancellation of removal, the BIA's decision to reverse the cancellation of removal reinstates the initial finding of removability, which, under the statute, is effectively an order of removal." *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Because the BIA may reverse a cancellation of removal by the IJ and require immediate removal, the BIA may also reverse a grant of voluntary departure and immediately reinstate the initial order of removal.

Amponin's petition with respect to cancellation of removal is DISMISSED; his

---

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Under 8 C.F.R. § 1003.1(d)(3)(i), "[t]he Board will not engage in de novo review of findings of fact determined by an immigration judge." However, where the IJ made no findings, the BIA " 'has the power to conduct a de novo review of the record, [and] to make its own findings.' " *Charlesworth v. INS.,* 966 F.2d 1323, 1325 (9th Cir.1992) (quoting *Elnager v. INS,* 930 F.2d 784, 787 (9th Cir. 1991)).

petition with respect to voluntary departure is DENIED.