**GUO QIANG YE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–76126.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2009.

Filed May 11, 2009.

Keung Wong, Esq., Law Offices of Keung Wong, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN and GRABER, Circuit Judges.

## MEMORANDUM *

Guo Qiang Ye, a citizen of China, petitions for review of the Board of Immigration Appeals' dismissal of his appeal of an immigration judge's decision denying his application for adjustment of status.

When an alien marries a U.S. citizen during removal proceedings and seeks adjustment of status, the immigration judge may investigate the bona fides of the marriage even if the government already has approved the I–130 visa application. An immigration judge has authority over applications for relief under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1). An I–130 visa does not automatically establish the bona fides of a marriage in the context of removal proceedings. *See Agyeman v. INS,* 296 F.3d 871, 879 (9th Cir.2002) ("While an [approved] I 130 establishes *eligibility* for status, the Attorney General—or in the context of deportation proceedings, the IJ—must still decide to accord the status." (emphasis added)).

"This court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law." *Bazua–Cota v. Gonzales,* 466 F.3d 747, 748 (9th Cir.2006) (citing 8 U.S.C. § 1252(a)(2)(D)). In the absence of constitutional claims or questions of law, however, the immigration judge's decision to deny petitioner's application for adjustment of status is a discretionary determination that is unreviewable. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Bazua–Cota,* 466 F.3d at 748–49.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

