**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHU QIN FANG, | No. 07-70306 |
| Petitioner, | Agency No. A071-651-458 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| ZHU QIN FANG, | No. 07-73574 |
| Petitioner, | Agency No. A071-651-458 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2010
Pasadena, California

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, CLIFTON, and BEA, Circuit Judges.

Petitioner Zhu Qin Fang, a native and citizen of the People's Republic of China, petitions for review of two orders of the Board of Immigration Appeals. We dismiss Fang's petition for review of the BIA's December 2006 order upholding the immigration judge's grant of withholding of removal under the Convention Against Torture, because Fang does not contest the CAT relief. We deny Fang's second petition challenging the BIA's August 2007 decision affirming the IJ's denial of his application for adjustment of status.

Discretionary denials of adjustment of status are generally not reviewable. *See* 8 U.S.C. § 1252 (a)(2)(B)(i); *Bazua-Cota v. Gonzales*, 466 F. 3d 747, 748-9 (9th Cir. 2006). We have jurisdiction over his petition under 8 U.S.C. § 1252 (a)(2)(D) only to the extent that Fang raises a constitutional claim.

The IJ did not violate due process when she used information from Chinese government sources to conclude that Fang had been involved in the embezzlement of public funds and when she denied Fang's adjustment of status application on this basis. Fang contends that during the hearings on his CAT claim, the IJ found the testimony of the Chinese officials to be unreliable, and that it therefore could not be considered in the adjustment of status decision. The IJ never discredited the

2

testimony of the Chinese officials. Rather, she concluded that State Department reports and the statements of Fang's expert witness indicated that Fang would likely be tortured if he returned to China, and that this was a sufficient basis for CAT relief. Fang fails to support his broad claim that any evidence taken from a Communist country is inherently unreliable.

Similarly, the consideration of the testimony of Guo Zhong did not violate due process. The BIA acknowledged that Guo may have received a reduction in his sentence for confessing to the crime and implicating Fang, and that it was likely he would have felt he had to testify in a way that satisfied prison officials. The IJ considered Guo's testimony carefully, noting where it was consistent with other evidence in the record. The BIA was not wrong to conclude that even without Guo's testimony, there was sufficient evidence for the IJ to infer Fang's involvement in criminal activity. Documents from the criminal investigation in China, including bank records, depositions, land transactions, and account books, and the testimony of Chinese investigators Song Wei and Chen Han, who reviewed and compiled these records, indicated that Fang had been involved with Guo in business dealings that he knew involved public funds.

Fang further asserts that the IJ breached the confidentiality of his I-589 application, in violation of 8 C.F.R.§ 208.6, when she revealed his A-number to

3

Chinese officials during the hearings. We conclude that the IJ did not violate Fang's confidentiality because disclosure of the A-number did not reveal that Fang had filed an I-589 application nor suggest that he had done so.

Because Fang has not established that his due process rights have been violated, we deny his petition for review of the adjustment of status decision. We leave undisturbed his relief under the Convention Against Torture.

**PETITION DISMISSED (07-70306); PETITION DENIED (07-73474).**