**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BAY VAN VO, aka; Bay V. Vo, | No. 07-73663 |
| Petitioner, | Agency No. A023-873-098 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 11, 2011
Withdrawn from Submission March 14, 2011
Resubmitted April 18, 2012
Pasadena, California

Before: B. FLETCHER and WARDLAW, Circuit Judges, and KAVANAUGH,
Circuit Judge.[**]

   Bay Van Vo petitions for review of a Board of Immigration Appeals (BIA)

order affirming an immigration judge's decision denying Vo relief under former §

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable Brett M. Kavanaugh, Circuit Judge for the District of
Columbia Circuit, sitting by designation.

212(c) of the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we dismiss in part and deny in part the petition for review.

**1.** We lack jurisdiction to review the denial of § 212(c) relief because it is a discretionary determination. 8 U.S.C. § 1252(a)(2)(B). Although that jurisdictional limitation does not prohibit our "review of constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), Vo has not raised any such claims or questions. Vo's argument that the Immigration Judge failed to properly weigh the equities is an attempt to "create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001); *see also Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) ("In an attempt to invoke our jurisdiction over this petition for review, Petitioner contends that the BIA and IJ violated his right to due process by failing to properly weigh the equities and hardship before denying his application for adjustment of status. This argument is an abuse of discretion challenge re-characterized as an alleged due process violation.").

**2.** Substantial evidence supports the BIA's determination that the record does not compel the conclusion that Vo is more likely than not to suffer torture if

removed to Vietnam. Vo's three subsequent trips to Vietnam suggest that relocation within the country is possible. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006); *see also Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004) ("[I]n the CAT context . . . the petitioners have the burden of presenting evidence to show that internal relocation is not a possibility) (citing 8 C.F.R. § 208.16(c)(3)(ii)). We accordingly deny Vo's petition for review with regard to his CAT claim.

**DISMISSED in part; DENIED in part**.