**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANJIT SINGH WALIA, | No. 10-71189 |
| Petitioner, | Agency No. A078-659-807 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Manjit Singh Walia, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal,

protection under the Convention Against Torture ("CAT"), and adjustment of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

status.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence factual findings and review de novo questions of law.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Walia's admission that he presented fraudulent claims and evidence in the asylum application he submitted in 2000 and in his testimony before an asylum officer.  *See Kaur v. Gonzales*, 418 F.3d 1061, 1065-67 (9th Cir. 2005); *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir. 1985) (history of dishonesty can support an adverse credibility finding).  Accordingly, in the absence of credible testimony, Walia's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT relief because Walia failed to establish it is more likely than not that he will be tortured if returned to India.  *See Wakkary*, 558 F.3d at 1068.

We lack jurisdiction to review the agency's discretionary denial of Walia's application for adjustment of status, *see* 8 U.S.C. § 1252(a)(2)(B), and Walia has

not raised a colorable due process challenge to this discretionary determination, *see*

*Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**