**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ANTONIO IZQUIERDO, | No. 06-74629 |
| Petitioner, | Agency No. A073-989-314 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

Julio Antonio Izquierdo, a native and citizen of Peru, petitions for review of

the agency's denial of his applications for asylum, withholding of removal,

protection under the Convention Against Torture ("CAT"), and adjustment of

status, and the Board of Immigration Appeals' ("BIA") denial of his motion to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, we review for abuse of discretion the denial of motions to reopen and reconsider, and we review de novo questions of law including claims of due process violations. *See Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of asylum because Izquierdo's fear of returning to Peru was not objectively reasonable, given the lack of record evidence that the Shining Path would target him upon his return. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

Because Izquierdo failed to establish eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief, because Izquierdo failed to show it is more likely than not he will be tortured by or with the acquiescence of the government if returned to Peru. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Izquierdo's motion to reopen, because he failed to establish prima facie eligibility for relief. *See INS v.*

*Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought). The BIA did not abuse its discretion in denying the motion to reconsider as untimely. *See* 8 C.F.R. § 1003.2(b)(2).

Finally, we lack jurisdiction to review the agency's discretionary denial of adjustment of status, and Izquierdo does not raise a colorable due process challenge to this discretionary determination. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**