**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN PIERRE BATINIC, | No. 09-72786 |
| Petitioner, | Agency No. A011-427-686 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| IVAN PIERRE BATINIC, | No. 10-72018 |
| Petitioner, | Agency No. A011-427-686 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2013
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS and RAWLINSON, Circuit Judges, and DUFFY, Senior District Judge.[**]

Ivan Pierre Batinic petitions for review of the Board of Immigration Appeals' ("BIA") decision vacating the Immigration Judge's ("IJ") adjustment of status and the BIA's denial of his motion to reconsider. Because the parties are familiar with the facts and the procedural history, we will not recount it here. We deny the petition.

I

The BIA did not abuse its discretion or violate Batinic's due process rights by denying his second request for an extension of time to file his brief. Notwithstanding that the BIA received Batinic's request after the filing deadline, the BIA acted within its discretion in denying Batinic's request. 8 C.F.R. § 1003.3(c)(1) ("The [BIA], upon written motion, *may* extend the period for filing a brief . . . .") (emphasis added). Batinic cannot show that the proceedings were fundamentally unfair because the untimely submission of his request was due not to any action of the BIA, but rather his own delay. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010).

---

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

-2-

For the same reasons, we conclude that the BIA did not abuse its discretion in denying his motion to reconsider. *See De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004) (describing standard of review).

Batinic argues that the BIA erred by finding him deportable under former Immigration and Nationality Act ("INA") § 241(a)(4)(A)(i). Batinic failed to raise this argument to the BIA, and therefore we lack jurisdiction over this claim. 8 U.S.C. § 1252(d)(1); *Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008).

II

Batinic contends that the BIA improperly reviewed the IJ decision. The BIA retains authority to revisit discretionary decisions made by an IJ, such as adjustment-of-status determinations. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006). We lack jurisdiction to review such discretionary decisions of the BIA, but we retain jurisdiction over issues of law and constitutional claims. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012); 8 U.S.C. § 1252(a)(2)(C)-(D).

The issues of law raised here were that the BIA did not articulate a standard of review and did not appropriately exercise its authority. "Where the BIA fails to follow its own regulations and makes factual findings, it commits an error of law, which we have jurisdiction to correct." *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) (internal quotation marks and citation omitted).

First, the BIA did not per se err by not stating the standard of review it used in reviewing the IJ decision.  Batinic cites to, and we have found, no authority so holding.  Further, the proper standards of review to be used by the BIA are stated in the relevant regulation.  8 C.F.R. § 1003.1(d)(3).

Second, the BIA sufficiently explained its rationale for vacating the IJ's adjustment-of-status determination.  The BIA identified many of the factors favorable to Batinic's case, including Batinic's long history of living in the United States and the hardship his family would sustain if he were removed.  Nevertheless, the BIA concluded that Batinic's crime of selling prohibited technology to the former Soviet Union was "too serious to overlook," which it reached after chronicling at length Batinic's crime and agreeing with the IJ's determination that Batinic sought to minimize the seriousness of his crime.  The BIA sufficiently explained its rationale, and there is no indication that it did not apply the correct standard of review.

**PETITION DENIED**.