**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTOBAL CABRERA-FLORES, | No. 13-73269 |
| Petitioner, | |
| v. | Agency No. A079-619-687 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Cristobal Cabrera-Flores, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for adjustment of status as a

matter of discretion. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Contrary to Cabrera-Flores' contention, the agency applied the correct legal standards in determining that he did not warrant a favorable exercise of discretion. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923-24 (9th Cir. 2007) (for discretionary determinations, the agency should consider and weigh all relevant factors); *Matter of Edwards*, 20 I. & N. Dec. 191, 196 (BIA 1990) (applications for discretionary relief "must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion.").

Also contrary to Cabrera-Flores' contentions, the agency did not err by considering his 2006 arrest report in its discretionary analysis, *see Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994) (considering petitioner's arrest in the context of his request for discretionary relief), or in concluding that the fact that two of his convictions were relatively recent was an adverse factor, *see Yepes-Prado v. INS*, 10 F.3d 1363, 1372 (9th Cir. 1993), *as amended* (Nov. 12, 1993) ("rehabilitation can be established by the absence of subsequent criminal conduct").

13-73269

Cabrera-Flores' contention that members of the agency imposed their personal values in determining that Cabrera-Flores did not warrant a favorable exercise of discretion is not supported by the record.

We lack jurisdiction to review Cabrera-Flores' remaining challenges to the agency's discretionary denial of adjustment of status because they do not constitute colorable constitutional claims or questions of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006) (while "[t]his court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law," a petitioner may not attack a discretionary decision simply by phrasing his arguments as a legal challenge).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**