**Daniel Jose DELGADO–PAREDES, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–73102.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Rachel Einbund, Law Office of Rachel Einbund, PC, New York, N.Y., for Petitioner.

OIL, Aimee J. Carmichael, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

### MEMORANDUM **

Daniel Jose Delgado–Paredes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for cancellation of removal and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

Contrary to Delgado–Paredes' contention, the BIA did not hold him to an impermissibly high burden of proof by reviewing the IJ's factual findings for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i) ("Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous."). Nor did the BIA err in relying on *Anderson v. City of Bessemer City, N.C.*, which concerns the clearly erroneous standard of review. 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Contrary to Delgado–Paredes' contention, the agency applied the correct legal standard in determining that he had not established the requisite periods of good moral character to qualify for cancellation of removal or voluntary departure by considering all relevant factors. *See Torres–Guzman v. INS*, 804 F.2d 531, 534 (9th Cir.1986) ("Where, as here, petitioners have not committed acts bringing them within section 1101(f)'s enumerated categories, the [BIA] must consider all of petitioners' evidence on factors relevant to the determination of good moral character.").

The record does not support Delgado–Paredes' contention that the BIA failed to provide sufficient reasoning and detail in its opinion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.2010). Nor does the record support Delgado–Paredes' contention that the BIA mischaracterized his criminal record.

Because the BIA committed no error in determining that Delgado–Paredes lacked the requisite good moral character, it follows that the BIA did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, an alien must show error and prejudice).

We lack jurisdiction to review Delgado–Paredes' remaining challenges to the agency's discretionary good moral character determination because they do not constitute colorable constitutional claims or questions of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Bazua–Cota v. Gonzales*, 466 F.3d 747, 748–49 (9th Cir.2006) (while "[t]his court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law," a petitioner may not attack a discretionary decision simply by phrasing his arguments as a legal challenge to invoke our jurisdiction).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.