**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERMAN CARLOS HERNANDEZ AQUINO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73443 <br><br> Agency No. A095-707-709 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

German Carlos Hernandez Aquino, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

adjustment of status as a matter of discretion. Our jurisdiction is governed by 8

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Contrary to Hernandez Aquino's contention, the agency applied the correct legal standards and considered all relevant factors, including rehabilitation and individual offenses, in determining that Hernandez Aquino did not warrant a favorable exercise of discretion. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923-24 (9th Cir. 2007) (for discretionary determinations, the agency should consider and weigh all relevant factors); *see also Najmabadi v. Holder*, 597 F.3d 983, 987, 990 (9th Cir. 2010) ("[t]he [BIA] does not have to write an exegesis on every contention" (citation and internal quotation marks omitted)). Nor did the agency improperly create a legal "bar" to adjustment of status based on gang association. *See Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994) (the BIA may "consider evidence of conduct that does not result in a conviction" in deciding whether to grant discretionary relief based on the balance of equities).

The agency did not err or violate Hernandez Aquino's right to due process in admitting evidence and testimony pertaining to his association with a gang. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) ("in immigration proceedings [t]he sole test for admission of evidence is whether the evidence is

probative and its admission is fundamentally fair" (citation and internal quotation marks omitted)).

Hernandez Aquino's contention regarding the IJ's alleged bias is not supported by the record. *See Rivera v. Mukasey,* 508 F.3d 1271, 1276 (9th Cir. 2007).

We lack jurisdiction to review Hernandez Aquino's remaining challenges to the agency's discretionary denial of adjustment of status because they do not constitute colorable constitutional claims or questions of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006) (while this "court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law," a petitioner may not attack a discretionary decision simply by phrasing his abuse of discretion challenge as questions of law).

We reject Hernandez Aquino's contention that his appeal required review by a three-member panel of the BIA. *See* 8 C.F.R. § 1003.1(e)(6).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**