**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELFINA GALVEZ ROJO, | No. 14-72517 |
| Petitioner, | Agency No. A048-136-410 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Delfina Galvez Rojo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for substantial evidence factual determinations, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Galvez Rojo is removable under 8 U.S.C. § 1182(a)(6)(E)(i), where her statements recorded in the Form I-213, first admitting and then denying alien smuggling, do not compel reversal of the agency's conclusion that she knowingly assisted an alien in seeking entry into the United States in violation of law. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747-49 (9th Cir. 2007) (alien smuggling finding was supported by substantial evidence where the record did not compel reversal of the agency's finding that the petitioner provided an "affirmative act of help, assistance, or encouragement" in furtherance of an alien's illegal entry into the United States (citation and quotation marks omitted)). Galvez Rojo does not cite to any authority to support her contention that the BIA improperly used her testimony before the IJ to reject her contention that her statements denying alien smuggling in the Form I-213 establish that she was not involved in alien smuggling.

Galvez Rojo's contentions that the agency applied the incorrect standard in evaluating her claim for cancellation of removal and failed to provide a reasoned explanation are belied by the record. We lack jurisdiction to review Galvez Rojo's contention challenging the agency's consideration of the equities in her case as it

does not constitute a colorable constitutional claim or question of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *see also Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006) (while "[t]his court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law," a petitioner may not attack a discretionary decision simply by phrasing his abuse of discretion challenge as a question of law).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**