**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REY ROMAN TRUJILLO,

               Petitioner,

   v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 14-72206

Agency No. A096-342-493

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

    Rey Roman Trujillo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Because the agency denied cancellation of removal as a matter of discretion, our jurisdiction is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D). Roman Trujillo's contention that the agency applied the incorrect standard in evaluating his application is not supported by the record. His contention challenging the agency's consideration of the equities in his case does not constitute a colorable question of law that would invoke our jurisdiction. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006) (a petitioner may not attack a discretionary decision simply by phrasing his abuse of discretion challenge as a question of law).

We do not reach Roman Trujillo's contentions regarding the agency's adverse credibility finding because the BIA relied on other factors in making its determination.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**