**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MANUEL GARDUNO CARLOS, | No. 13-72734 |
| Petitioner, | Agency No. A070-166-868 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2016[**]
Pasadena, California

Before: KOZINSKI and WARDLAW, Circuit Judges and KORMAN,[***] Senior
District Judge.

Juan Manuel Garduno Carlos, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

from an immigration judge's ("IJ") order denying his application for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

**1.** We lack jurisdiction to review the agency's discretionary denial of adjustment of status, 8 U.S.C. § 1252(a)(2)(B)(i), except to the extent that the petition for review raises "constitutional claims or questions of law," *id.* § 1252(a)(2)(D). *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (per curiam) (order).

**2.** Assuming that Garduno had a right to procedural due process in his removal proceeding, the IJ did not deny Garduno due process by considering evidence relating to his ex-girlfriend's rape allegations. "In the immigration context, hearsay is admissible if it is probative and its admission is fundamentally fair, and hearsay evidence may not be rejected out-of-hand." *Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) (citations omitted). The government must make a reasonable effort "to afford the alien a reasonable opportunity to confront the witnesses against him or her." *Saidane v. INS*, 129 F.3d 1063, 1065 (9th Cir. 1997) (citation omitted). This evidence was probative because Garduno's violent history with his ex-girlfriend was a serious adverse factor weighing against the

discretionary adjustment of his status. The admission of this evidence was not fundamentally unfair because Garduno had an opportunity to challenge the evidence, and the IJ noted its hearsay nature. Moreover, the government repeatedly attempted to make Garduno's ex-girlfriend available for cross-examination; indeed, Garduno's ex-girlfriend was present at one of his removal hearings. Under these circumstances, the IJ's consideration of Garduno's ex-girlfriend's allegations did not violate Garduno's due process rights. *See Saidane*, 129 F.3d at 1065; *cf. Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 682 (9th Cir. 2005) (holding that the admission of a hearsay statement violated due process where the government "failed to make any 'reasonable effort' to produce the hearsay declarant").

3.    The agency's failure to transcribe a portion of Garduno's removal hearing did not violate due process, where Garduno failed to describe the contents of the untranscribed testimony or assert that the agency did not adequately consider this testimony. *See Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir. 1994) (rejecting due process claim of petitioner who "alleged that her true words were not spoken by the interpreter, but has not indicated what, if anything, she would have said differently if given a chance").

**4.** We lack jurisdiction to consider Garduno's unexhausted claim that the IJ failed to consider all relevant testimony. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**