**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL KINYANJUI KIGAMBA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 12-73868 <br> 13-71389 <br><br> Agency No. A097-591-825 <br><br> MEMORANDUM[*] |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2017[**]
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

After Gabriel Kigamba, a native and citizen of Kenya, overstayed his non-immigrant visa, he applied for asylum. At some point, he obtained a document purportedly issued by an immigration judge ("IJ") granting that application. In 2009, Kigamba filed an application for adjustment of status based on this document. But,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

when the government instituted removal proceedings in 2010, Kigamba admitted removability. Although he initially told the IJ in the removal proceedings that he intended to seek asylum, he instead moved for a continuance so that his wife, a United States citizen, could file an I-130 petition, which could serve as the basis for adjustment of status.

The IJ denied Kigamba's request for a continuance, finding, among other things, that the document that Kigamba submitted purporting to grant him asylum was fraudulent. The Board of Immigration Appeals ("BIA") affirmed, and also denied a motion to remand, and denied a subsequent motion to reopen after the I-130 petition was granted. We dismiss Kigamba's consolidated petitions for review in part and deny them in part.

1. We lack jurisdiction to review the BIA's decision denying the discretionary relief of adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i); *see Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (order). Although we have jurisdiction to review colorable constitutional challenges to discretionary decisions, Kigamba's argument that the BIA denied him due process by failing to properly consider all of the equities is simply "an abuse of discretion challenge re-characterized as an alleged due process violation," not a colorable constitutional claim.[1] *See Bazua-Cota*, 466

_____

[1] We also dismiss Kigamba's petitions insofar as they attack the IJ's denial of a continuance to allow the processing of his wife's I-130 petition. The BIA noted the grant of that petition in its order denying the motion to reopen, but nonetheless

2

F.3d at 748-49.

2. We do have jurisdiction to review the nondiscretionary aspects of the BIA's denial of Kigamba's motions to reopen and to remand. *See Medina-Morales v. Ashcroft*, 371 F.3d 520, 526-27, 531 (9th Cir. 2004). But, we deny the petitions because the IJ's underlying adverse credibility determination is supported by substantial evidence in the record. *See Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). The IJ reasonably concluded that Kigamba had submitted fraudulent evidence of a grant of asylum, offering only an "absurd" explanation as to why he believed that he had been granted asylum.

**PETITIONS DISMISSED IN PART AND DENIED IN PART.**

---

determined that Kigamba "would not be entitled to the discretionary grant of relief which he sought," *INS v. Doherty*, 502 U.S. 314, 323 (1992), a determination not subject to judicial review, *see Bazua-Cota*, 466 F.3d at 748.