NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL ESQUIVEL BARAJAS and ANA AZUCENA TORRES DIAZ, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  15-71603 <br><br> Agency Nos.  A201-056-062 <br> A201-056-063 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 13, 2018
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,**
District Judge.

Gabriel Esquivel Barajas and Ana Azucena Torres Diaz appeal the denial of

their applications for cancellation of removal under 8 U.S.C. § 1229b(b).  We

DISMISS in part and DENY in part the petition for review.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

1. Petitioners' argument that the agency committed legal error by failing to consider their lack of criminal history is unpersuasive. To begin, the agency "does not have to write an exegesis on every contention," but rather must show "that it consider[ed] the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (quoting *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002)). That standard was met here.

To the extent Petitioners challenge the agency's weighing of the factors, we lack jurisdiction to review this argument. *See Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005) ("[W]e lack jurisdiction to review discretionary determinations of moral character."), *overruled on other grounds by Sanchez v. Holder*, 560 F.3d 1028 (9th Cir. 2009) (en banc); *see also* 8 U.S.C. § 1252(a)(2)(B)(i). Because the agency analyzed Petitioners' moral character under the catch-all provision of 8 U.S.C. § 1101(f), this determination was discretionary.

2. Torres also contends that her due process rights were violated when the agency considered the fraudulent tax returns because "the BIA and IJ should have considered the degree of fault committed with respect to the tax fraud committed by Mrs. Torres and weigh it against the more positive factors of good moral character." "This argument is an abuse of discretion challenge re-characterized as an alleged due process violation." *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th

2

Cir. 2006); *see id.* ("[A]buse of discretion challenges to discretionary decisions, even if recast as due process claims, do not constitute colorable constitutional claims."). We therefore lack jurisdiction to review it.

**Petition DISMISSED in part and DENIED in part.**