NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| YI MA,<br><br>      Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No. 20-72120<br><br>Agency No. A088-271-175<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023[**]
Pasadena, California

Before: TASHIMA, HURWITZ, and BADE, Circuit Judges.

Yi Ma petitions for review of a decision of the Board of Immigration Appeals

("BIA") dismissing his appeal from an order of an Immigration Judge ("IJ") denying

adjustment of status. We dismiss the petition for review.

We lack jurisdiction to review "any judgment" regarding the denial of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for adjustment of status, 8 U.S.C. §§ 1252(a)(2)(B)(i), 1255(j), except to the extent a petition for review poses "constitutional claims or questions of law," *id.* § 1252(a)(2)(D).

Although Ma contends that the IJ violated his constitutional due process rights by effectively making a frivolousness finding without complying with certain procedural requirements, *see Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010), the IJ made no such finding. Instead, she weighed the equities of Ma's case and found that they did not warrant a favorable exercise of discretion because of Ma's connection to a fraud scheme. Ma's real argument is that this weighing of the equities was an abuse of discretion, but we lack jurisdiction to review that claim. *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("[P]etitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748–49 (9th Cir. 2006) (per curiam). To the extent Ma challenges the IJ's factual finding that he was connected to the fraud scheme, we likewise have no jurisdiction. *See Patel v. Garland*, 142 S. Ct. 1614, 1623–24, 1627 (2022).

**PETITION DISMISSED**.