**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE ALBERTO QUINTANILLA-CORTEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-1057

Agency No.
A038-084-240

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2024**
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit Judges.

Jorge Alberto Quintanilla-Cortez, a citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' (BIA) decision vacating the

immigration judge's (IJ) grant of a waiver of inadmissibility under former § 212(c)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(c) (1994). Generally, "[d]iscretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007). However, we have jurisdiction over petitions for review that raise colorable constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006). We deny the petition.

1. The BIA applied the correct legal standard for § 212(c) relief as set forth in *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978). A § 212(c) waiver may be warranted when, considering the record as a whole, favorable considerations outweigh adverse factors. *Id.* The BIA identified and applied the *Matter of Marin* standard, discussed the "positive equities," and then turned to Quintanilla-Cortez's conviction. The BIA accurately cited additional § 212(c) precedent indicating that for some serious crimes, "a favorable exercise of discretion is not warranted even in the face of unusual or outstanding equities." *Matter of Edwards*, 20 I. & N. Dec. 191, 196 (BIA 1990). In light of the circumstances of Quintanilla-Cortez's conviction, the BIA concluded a favorable exercise of discretion was unwarranted.

We agree with Quintanilla-Cortez that the standard for refugees seeking a § 209(c) waiver, as described in *Matter of C-A-S-D-*, 27 I. & N. Dec. 692, 700 (BIA 2019), has never been applied to lawful permanent residents seeking a

§ 212(c) waiver, and the application of the § 209(c) standard makes little sense in the unique context of § 212(c) relief. *See, e.g.*, *Judulang v. Holder*, 565 U.S. 42, 48 (2011) (citing *INS v. St. Cyr*, 533 U.S. 289, 326 (2001)). But here, the BIA applied the *Matter of Marin* standard and declined to apply the § 209(c) standard. The BIA's passing citation to *Matter of C-A-S-D-*, while inartful, was not an application of the incorrect standard.

2. The record does not support Quintanilla-Cortez's argument that the BIA engaged in improper fact-finding. The BIA accepted and recited the facts that the IJ found but simply weighed those facts differently. This court lacks jurisdiction to review the merits of that discretionary determination. *Vargas-Hernandez*, 497 F.3d at 923.

3. The BIA sufficiently weighed the evidence and explained its reasoning. Quintanilla-Cortez argues that due process requires a minimum degree of clarity. *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc). Here, the BIA acknowledged several positive factors weighing in Quintanilla-Cortez's favor but explained that his conviction for harming a child in his care was "an exceptionally serious crime" not warranting a favorable exercise of discretion. Because the BIA explicitly considered the evidence presented and explained its reasons for denying a waiver, relief is unavailable on this ground.

Petition **DENIED**.