**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS RAMOS-RODRIGUEZ, AKA Jose L. Ramos, AKA Jose Luis Ramos, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73749 <br><br> Agency No. A070-721-630 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Petitioner Jose Luis Ramos-Rodriguez seeks review of an order of the Board

of Immigration Appeals (BIA) dismissing his appeal of the denial of his

application for an adjustment of status and for protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction in part pursuant to 8 U.S.C. § 1252(a).

We lack jurisdiction to consider Ramos-Rodriguez's petition for review of the denial of his application for an adjustment of status because he fails to allege a "colorable constitutional violation." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). As required by 8 C.F.R. § 1212.7(d), both the Immigration Judge (IJ) and the BIA weighed the equities of Ramos-Rodriguez's case before declining to grant him a waiver of inadmissability, and therefore not did apply a categorical rule in violation of his due process rights. Ramos-Rodriguez's remaining arguments on this issue are "abuse of discretion challenge[s] re-characterized as . . . alleged due process violation[s]." *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (per curiam).

We deny Ramos-Rodriguez's petition for review of the denial of his application for deferral of removal under CAT because, under the "substantial evidence standard," the evidence here does not "compel[] the conclusion" that the IJ's and the BIA's decision that Ramos-Rodriguez failed to prove that he was more likely than not to be tortured on account of his tattoos was erroneous. *See Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000) (internal quotation marks omitted). The IJ gave "reasoned consideration" to all of the "highly probative or

potentially dispositive" evidence in the record, including the testimony of Dr. Boerman and the *No Place to Hide* report, *see Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011), and the IJ "listened to the testimony [of Dr. Boerman] and stated reasons in the record why the testimony was insufficient to establish the probability of torture necessary to grant CAT relief," *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.7 (9th Cir. 2010). Although Ramos-Rodriguez provided evidence that he may be subjected to police misconduct due to his tattoos, "we are unable to conclude that the IJ's ruling that [such misconduct would] not amount to torture was not supported by substantial evidence." *Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006).

**DISMISSED IN PART, DENIED IN PART.**