**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMAD IBRAHIM BUTT, | No. 12-73237 |
| Petitioner, | Agency No. A095-570-041 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2015[**]
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges, and DUFFY,[***] District
Judge.

Mohammad Ibrahim Butt petitions for review of the Board of Immigration

Appeals's (BIA) decision denying his application for adjustment of status and his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

motion for termination of removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252 and we affirm.

Butt first argues that the government violated his due process right to a fundamentally fair removal hearing by introducing an I-213 Form without making available for cross examination the Border Patrol Agent who prepared it.[1]  The Due Process Clause mandates that evidence in a removal hearing be "probative and its admission . . . fundamentally fair," *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995), which generally requires that the alien have "a reasonable opportunity . . . to cross-examine witnesses presented by the Government."  8 U.S.C. § 1229a(b)(4)(B).  A Form I-213, however, is presumptively reliable, and "absen[t] . . . evidence to the contrary presented by the alien," there is no right to confront the Form's preparer.  *Espinoza*, 45 F.3d at 310–11.  Butt has presented insufficient evidence to refute the presumption of reliability and establish a due process violation.  The fact that the Form deviates from Butt's own testimony goes to the Form's evidentiary weight, not its admissibility.  Butt's argument that the Form is unreliable because it memorializes an interview that was conducted in

---

[1]  Although the REAL ID Act stripped this Court of jurisdiction to hear appeals from discretionary denials, the Court "retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law." *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006).  Because Butt presents a colorable due process claim we retain jurisdiction to review it.

2

English, rather than his native Urdu, is unavailing because the record shows he was able to communicate in English when he applied for a visa, and the I-213 contains no indication that Butt and the Border Patrol Agent had any difficulty interacting. Indeed, much of the I-213's narrative is undisputed by the parties, which is consistent with Butt and the Border Patrol agent communicating well.

Butt next argues that the BIA's adverse credibility finding was not supported by substantial evidence. Butt's application for adjustment of status and his motion to terminate removal proceedings both turn on whether he was inspected upon entry into the country, and if Butt's testimony is credited, he was properly inspected upon entry. The BIA, however, found Butt's testimony not credible because he previously represented on several occasions that he had entered the country without inspection, and his testimony about his 2004 and 2001 entries into the country differed from the I-213's account. These reasons constitute substantial evidence to support the BIA's negative credibility determination. Because the introduction of the I-213 did not render Butt's hearing fundamentally unfair, and because the BIA's decision to discount Butt's testimony that he was inspected and instead credit the I-213 was adequately supported, Butt's petition for review is denied.

PETITION DENIED.