**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROUSSEL ALBERTO FIGUEROA REYES,<br><br>              Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent. | Nos. 13-71557 & 13-73162<br><br>Agency No. A094-295-920<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

In these consolidated petitions for review, Roussel Alberto Figueroa Reyes, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for adjustment of status (No. 13-71557) and the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's order denying his motion to reopen (No. 13-73162). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims, and review for abuse of discretion the BIA's denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review in No. 13-71557. We dismiss the petition for review in No. 13-73162.

Contrary to Figueroa Reyes' contention, the agency applied the correct legal standards and considered all relevant factors, including hardship to family, in determining that Figueroa Reyes did not warrant a favorable exercise of discretion regarding his application to adjust status. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923-24 (9th Cir. 2007) (for discretionary determinations, the agency should consider and weigh all relevant factors); *see also Najmabadi v. Holder*, 597 F.3d 983, 987, 990 ("[t]he [BIA] does not have to write an exegesis on every contention" (citation and internal quotation marks omitted)). Nor did the agency improperly consider evidence in assessing Figueroa Reyes' equities. *See Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994) (the agency may "consider evidence of conduct that does not result in a conviction" in deciding whether to grant discretionary relief based on the balance of equities).

13-71557

Figueroa Reyes contends that the IJ violated due process by exhibiting bias and considering evidence outside the record. Figueroa Reyes' bias contention is not supported by the record. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007). The IJ's consideration of extra-record evidence did not render proceedings "so fundamentally unfair that [Figueroa Reyes] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks and citation omitted).

We lack jurisdiction to review Figueroa Reyes' remaining challenges to the agency's discretionary denial of adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006). His contentions that the agency mischaracterized evidence or failed to properly weigh the equities do not constitute colorable constitutional claims or questions of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Bazua-Cota*, 466 F.3d at 748-49 (while this "court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law," a petitioner may not attack a discretionary decision simply by phrasing his abuse of discretion challenges as questions of law).

We also lack jurisdiction to review the BIA's denial of Figueroa Reyes' motion to reopen on the ground that the new evidence he submitted was

insufficient to overcome the significant negative factors in his case. Where there has already been an unreviewable discretionary determination, this court lacks jurisdiction to review the denial of a motion to reopen concerning the same determination. *See Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir. 2006).

Figueroa Reyes' motion to supplement the record is denied as moot.

**In No. 13-71557: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**In No. 13-73162: PETITION FOR REVIEW DISMISSED.**