**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MILOMIR DJURIC,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 14-71884<br><br>Agency No. A071-758-106<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2018[**]
Seattle, Washington

Before:  TASHIMA and GRABER, Circuit Judges, and MIHM,[***] District Judge.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

 [***] The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

Milomir Djuric, a native and citizen of Bosnia-Herzegovina, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's ("IJ") denial of his claim for humanitarian asylum and the BIA's denial of his motion to reopen. We deny the petition in part and dismiss it in part.

1.      Djuric petitions for review of the agency's determination that he is ineligible for humanitarian asylum. To establish eligibility for humanitarian asylum, a petitioner must demonstrate either "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or "that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii); *Sowe v. Mukasey*, 538 F.3d 1281, 1287 (9th Cir. 2008).

Substantial evidence supports the agency's determination that Djuric's forced departure from his hometown of Zenica did not constitute "compelling reasons." The BIA did not err in determining that because Djuric testified that he was never physically harmed, his was not a "rare situation[] of 'atrocious' persecution, where the alien establishes that, regardless of any threat of future persecution, the circumstances surrounding the past persecution were so unusual

2

and severe that he is unable to return to his home country." *Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999).

Substantial evidence also supports the agency's determination that Djuric will not face serious harm that "equals the severity of persecution." *In re L-S-*, 25 I. & N. Dec. 705, 714 (B.I.A. 2012). Djuric testified that members of his immediate family have lived without incident in Bosnia. Given that fact, the agency reasonably determined that Djuric will not face "substantial economic disadvantage," *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014), or suffer "severe mental or emotional harm," *In re L-S-*, 25 I. & N. Dec. at 714, in Bosnia.

**2.** Djuric also petitions for review of the BIA's denial of his motion to reopen his applications for a waiver of inadmissibility under 8 U.S.C. § 1182(i)(1) and a waiver of removability under 8 U.S.C. § 1227(a)(1)(H). However, judicial review of an agency's discretionary denial of either waiver is foreclosed. 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B). This remains true when the agency's discretionary denial is the subject of a motion to reopen. *Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006).

Although judicial review is available for a petitioner's colorable "constitutional claims or questions of law" related to the agency's discretionary decision, 8 U.S.C. § 1252(a)(2)(D), an argument that the agency violated due

3

process "by failing to properly weigh the equities and hardship . . . is an abuse of discretion challenge re-characterized as an alleged due process violation" that does not give this court jurisdiction. *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (per curiam) (order).

Djuric's purported due process arguments – that the IJ's persecutor finding acted as a "thumb on the scale" before the BIA and that the BIA weighed his military service differently than that of other former VRS soldiers – are both complaints about the agency's weighing of the equities. Djuric never articulates how the agency "prevented [him] from presenting [his] case before the [agency], denied a full and fair hearing before an impartial adjudicator, or otherwise denied a basic due process right." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

The new evidence Djuric submitted with his motion to reopen "addresse[d] the same basic hardship grounds considered previously" and was thus cumulative. *Fernandez*, 439 F.3d at 601–03. We therefore lack jurisdiction over Djuric's petition as it pertains to the BIA's denial of his motion to reopen.

· ● ·

The petition is **DENIED in part and DISMISSED in part.**

4