**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO BARAJAS NAVARRO, | No.  18-70601 |
| Petitioner, | Agency No. A201-240-437 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020**
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Francisco Barajas Navarro, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the Immigration Judge's ("IJ") order denying his applications for cancellation

of removal, asylum, withholding of removal, and protection under the Convention

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's legal determinations de novo and its factual determinations for substantial evidence, *see Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018), we dismiss the petition in part and deny it in part.

1. We deny Barajas's challenge to the lack of time and date information in his notice to appear because—regardless of the merits—the purported claim-processing error was not timely raised. *See United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) ("Absent a timely … invocation of … [a] claim-processing rule, we are not obliged to enforce the rule."). The "essential function" of a notice to appear is to convey "time-and-place information to a noncitizen" and "facilitate appearance at [the] proceedings." *Pereira v. Sessions*, 138 S. Ct. 2105, 2115 (2018). Here, the agency eventually provided the information in a notice of hearing, and Barajas fully participated in the proceedings by making an appearance, offering evidence and testimony, and appealing to the BIA.

2. There was no discrepancy between the cases relied upon by the IJ and the BIA in concluding that Barajas's proposed social group was not cognizable and in denying CAT protection. Both the IJ and BIA cited *In re W-G-R-*, 26 I. & N. Dec. 208, 223 (B.I.A. 2014), and *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). To supplement the IJ's analysis, the BIA additionally cited *In re A-M-E-*, 24 I. & N. Dec. 69, 76 (B.I.A. 2007), which addressed the "perceived

as wealthy" aspect of Barajas's proposed group rather than the "returnees" aspect addressed by the other two cases. We thus deny the petition for review of Barajas's claim that the BIA's decision was unreliable.

3. Barajas's contention that the agency "depart[ed]" from its own legal standards for evaluating hardship is not "a colorable legal or constitutional claim" and we lack jurisdiction to review it. *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012); *see* 8 U.S.C. § 1252(a)(2)(B), (D). Barajas argues that the agency did not examine "the totality of the factors set out in [BIA precedent]" and should have considered "other circumstances," and that "the impact on [his] child's education must be considered with particular weight." But the agency's alleged "fail[ure] to properly weigh the equities and hardship" is not a colorable due process claim. *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (per curiam). Therefore, we dismiss the petition for review of this claim.

4. We deny the petition for review of Barajas's claim that the agency's decision to deny asylum and withholding of removal was "incomplete" and therefore erroneous because the agency "did not make a finding as to whether future persecution would occur." The agency's finding that Barajas failed to show any nexus between the future persecution he fears and a protected ground was sufficient to sustain its decision. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1089 (9th Cir. 2013) (en banc) ("[A] petitioner's belief that she [will be]

persecuted does not alone prove persecution; rather, she must show persecution or a well-founded fear of future persecution on account of a protected ground."). "[A]gencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."[1] *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

5.  The agency did not err in concluding that Barajas's proposed social group—"Mexican returnees who have lived in the United States for many years and are perceived as wealthy"—is not cognizable. While "the size and breadth of a group alone does not preclude a group from qualifying," *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010), the agency properly relied not only on the group's size but also on its diversity. *See id.* at 668 (recognizing "certain social groups as too broad" where they lack a "unifying relationship or characteristic to narrow [an otherwise] diverse and disconnected group" (emphasis omitted) (quoting *Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005))); *Delgado-Ortiz*, 600 F.3d at 1151–52 (holding that "returning Mexicans from the United States" is not a cognizable group because "this sweeping demographic division naturally manifest[s] a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings").

---

[1] For similar reasons, we need not decide whether Barajas's ignorance of the one-year deadline for asylum claims constituted "extraordinary circumstances relating to the [filing] delay." 8 U.S.C. § 1158(a)(2)(D).

Nor did the agency "reject [the proposed] group solely because it had previously found a similar group in a different society to lack social distinction or particularity." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). Rather, the agency rejected the proposed group because Barajas "provided no evidence to show that such a group is recognizable by Mexican society as socially distinct." We deny the petition for review of this claim.

6. We also deny the petition for review of Barajas's claim that the BIA failed to sufficiently explore the record for a cognizable social group or another protected ground. It is the burden of Barajas, not the BIA, to define the protected ground for which he was targeted, including the delineation of the particular social group. *See* 8 C.F.R. § 208.13(b)(1) (requiring applicant to "establish that he or she has suffered persecution in the past in the applicant's country of nationality . . . on account of race, religion, nationality, membership in a particular social group, or political opinion"); *see also Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016). Further, Barajas misconstrues the IJ's decision. The IJ did not suggest other grounds upon which Barajas could seek relief. Accordingly, the BIA was not required to address any protected ground beyond the ones presented by Barajas.

7. Lastly, we deny the petition for review of Barajas's claim that in denying CAT protection the agency provided insufficient reasoning and analysis "to allow proper appellate review." The IJ found that Barajas "has not shown that

it is more likely than not . . . he will be tortured with the consent or acquiescence of the Mexican government" other than with "generalized evidence" from country conditions reports showing "mass violations of human rights."  The IJ explained that Barajas needed evidence that was "closely tied to [him] or someone in [his] specific circumstances."  This explanation was sufficient to facilitate judicial review.

**PETITION DISMISSED in part and DENIED in part.**