**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE RODOLFO NAVA-MELCHOR, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | Nos. 17-70961 17-73426 18-72055 Agency No. A208-967-425 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

In these consolidated petitions for review, Jose Rodolfo Nava-Melchor, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's

decision denying his application for cancellation of removal and denying his

motion to remand (petition No. 17-70961), the BIA's order denying his motion to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen (petition No. 17-73426), and the BIA's order granting his motion for reconsideration, but denying his motion to reopen (petition No. 18-72055). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). In petition No. 17-70961, we deny in part and dismiss in part the petition for review. In petition No. 17-73426, we dismiss the petition for review. In petition No. 18-72055, we deny in part and dismiss in part the petition for review.

As to petition No. 17-70961, we lack jurisdiction to review the agency's discretionary good moral character determination under the catch-all provision of 8 U.S.C. § 1101(f). *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006) (while "[t]his court retains jurisdiction over petitions for review that raise colorable constitutional claims or questions of law," a petitioner may not attack a discretionary decision simply by phrasing his arguments as a legal challenge to invoke our jurisdiction). To the extent Nava-Melchor requests we reconsider our jurisdiction over good moral character determinations under the catch-all provision, we lack authority to do so. *See De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2008) (a three-judge panel lacks authority to overrule prior precedent). We lack jurisdiction to review Nava-Melchor's remaining contentions regarding the agency's good moral character determination because he failed to

exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The BIA provided sufficient reasoning and detail in its decision denying the motion to remand. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency does not have to write an exegesis on every contention).

As to petition No. 17-73426, the BIA order under review was vacated. The petition for review is dismissed as moot.

Finally, as to petition No. 18-72055, we lack jurisdiction to review Nava-Melchor's contentions regarding new evidence about his United States citizen son, where the evidence is cumulative of his previously denied application for cancellation of removal. *See Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006) (court lacks jurisdiction over a motion to reopen where new evidence is cumulative of a previously considered discretionary determination). The BIA provided a sufficient explanation of its decision. *See Najmabadi*, 597 F.3d at 990.

NO. 17-70961: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

NO. 17-73426: **PETITION FOR REVIEW DISMISSED.**

NO. 18-72055: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**