NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALFREDO HERNANDEZ-VELAZCO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

Nos.  18-70860
        19-70878

Agency No. A206-784-656

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2021**
San Francisco, California

Before:  WARDLAW and GOULD, Circuit Judges, and CAIN,*** District Judge.

Alfredo Hernandez-Velazco ("Hernandez"), a native and citizen of Mexico,

applied for cancellation of removal for certain nonpermanent residents under 8

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable James David Cain, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

U.S.C. § 1229b(b)), citing the hardship of his removal to his United States citizen children. The Immigration Judge ("IJ") dismissed the application and the Board of Immigration of Appeals ("BIA") (collectively, "the Agency") denied his appeal. Hernandez then filed a motion to reopen proceedings with the BIA, submitting new evidence of his child's educational needs and his own rehabilitation from a history of substance use and domestic violence. The BIA denied the motion, finding that the new evidence did not establish a *prima facie* case for cancellation of removal or otherwise overcome its prior discretionary denial.

Hernandez petitions for review of the Agency determinations that he did not meet the criteria for cancellation of removal and of the BIA's denial of his motion to reopen proceedings. We dismiss the petition with respect to the discretionary decisions and deny the remainder.

1. We lack jurisdiction to review a challenge to the Agency's discretionary determinations in cancellation of removal proceedings.[1] *Fernandez v. Gonzales*,

---

[1] Hernandez asserts that this rule was partially modified by the Supreme Court's statement in *Guerrero-Lasprilla v. Barr*, 140 S.Ct. 1062 (2020), that "questions of law" in 8 U.S.C. § 1252(a)(2)(D) include the application of a legal standard to undisputed or established facts, and that this definition preserves the court's jurisdiction over the discretionary denial of his cancellation of removal where the underlying facts were undisputed, 140 S.Ct. at 1067. Long before *Guerrero*, however, this court recognized that a "question of law" under § 1252(a)(2)(D) includes "mixed questions of law and fact" – that is, the application of law to "undisputed facts." *Gasparyan v. Holder*, 707 F.3d 1130, 1133–34 (9th Cir. 2013) (citing *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008)). Accordingly, *Guerrero* does nothing to alter this court's jurisprudence under § 1252.

439 F.3d 592, 603 (9th Cir. 2006); *see also Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003). Accordingly, Hernandez's general abuse of discretion challenges to the denial of cancellation of removal and denial of his motion to reopen are not reviewable and the petition must be dismissed in this regard. This extends to his challenge that the BIA failed to provide a "reasoned explanation" for its denial of the motion to reopen. *See Fernandez*, 439 F.3d at 604 ("As we have already determined that we are without jurisdiction to review the BIA's determination on the merits, the concerns expressed in [our caselaw] about our ability to review inadequately reasoned or cursory BIA decisions when jurisdiction *is* present do not apply.") (emphasis in original).

2. We retain jurisdiction under the "limited review provision" of 8 U.S.C. § 1252(a)(2)(D) for constitutional claims or questions of law so long as they present a colorable challenge and do not merely ask us to re-weigh the equities behind the Agency's decision. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978–80 (9th Cir. 2009). To this end, Hernandez makes the following claims: (1) the BIA failed to give him a statutorily mandated presumption of credibility; (2) the Agency violated his right to due process by failing to consider all of the evidence submitted; and (3) the BIA engaged in impermissible fact-finding. Such claims are reviewed *de novo*. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). Because the BIA issued its

own opinion without adopting the IJ's decision, our review is limited to the BIA's decisions. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006).

Hernandez first argues that the BIA committed legal error when it failed to give him a statutory presumption of credibility and required additional evidence regarding his hardship and claim of rehabilitation, even though the IJ never made an adverse credibility finding. The BIA must give the petitioner a "rebuttable presumption of credibility on appeal" if the IJ has not made an explicit adverse credibility determination. 8 U.S.C. 1229a(c)(4)(C). Even in the absence of an adverse credibility determination, however, the Agency need not accept apparently credible evidence as true and may instead weigh it against other portions of the record in determining whether the petitioner has met his burden. *Aden v. Holder*, 589 F.3d 1040, 1044–45 (9th Cir. 2009). It may also require corroboration of his otherwise credible testimony. *Id.*

Here, neither the IJ nor the BIA made an adverse credibility determination. Both bodies recorded the educational needs of petitioner's children and petitioner's testimony that his youngest child had developmental delays. The IJ noted one child's record of "hearing, cognitive, communicative, adaptive, and social/emotional delays." But he cast doubt on the severity of the child's health and education needs based on documentary evidence showing his Early Intervention services would end in April 2016, despite petitioner's testimony and his wife's

affidavit that the services would continue past that date. After conducting a *de novo* review, however, the BIA made no mention of the end date of services or other judgment on the severity of the child's delays. Instead it credited the petitioner's testimony on the issue and considered these facts under the hardship criterion. It ultimately found, however, that the positive factors did not outweigh the negative factors of the case or allow for a favorable exercise of discretion. Accordingly, the BIA's decision does not reflect any failure to credit Hernandez's testimony or evidence.

Hernandez next argues that the Agency failed to consider all of the evidence submitted in support of his hardship claim. Due process requires that an IJ consider the relevant evidence in deciding whether to grant a cancellation of removal. *Vilchez*, 682 F.3d at 1198.

Hernandez asserts that the BIA and IJ failed to consider all relevant evidence on (1) his rehabilitation following convictions for DUI and domestic assault and (2) the educational needs of his U.S.-citizen children and the hardships his removal would cause them. The BIA's *de novo* decision is the one under review, and we see no reason to believe the BIA failed to consider all of the evidence here. Instead, his real complaint is that the BIA failed to properly weigh his evidence in assessing the equities of his case. He therefore shows no merit to his claim, and to the extent he is challenging a discretionary decision, we lack jurisdiction to consider the

5

alleged error. *E.g.*, *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (per curiam).

Finally, Hernandez argues that the BIA engaged in impermissible fact-finding in discussing factors (namely, his rehabilitation and the hardship to his U.S. citizen children) not considered by the IJ. "Where the BIA engages in de novo review of an IJ's factual findings instead of limiting its review to clear error, it has committed an error of law . . . ." *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012); *see* 8 C.F.R. § 1003.1(d)(3)(i). Petitioner fails to point to any factual findings by the BIA. Instead, the BIA's decision referred to the same educational needs and developmental delays discussed in the IJ's decision and concurred with the IJ's assessment that these do not outweigh the other equities of the case. As for rehabilitation, the BIA referenced petitioner's AA attendance only in response to petitioner's challenge that the IJ had not considered this factor. Accordingly, this claim does not show any error in the BIA's review and is likewise denied for lack of merit.

**PETITION DISMISSED in part and DENIED in part.**