**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAEL CORDOVA-VERA, AKA Ismael Cordova, | No. 18-70395 |
| Petitioner, | Agency No. A078-022-295 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

Ismael Cordova-Vera, a citizen of Mexico, seeks review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

(IJ) ruling denying Cordova's motion to reopen immigration proceedings on his 2003 removal order. We review for abuse of discretion and will reverse only if the BIA's decision was arbitrary, irrational, or contrary to law. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss in part.

1.     Cordova's motion to reopen was untimely. *See* 8 C.F.R. § 1003.23(b)(1). Agreeing with the IJ, the BIA concluded that Cordova's motion was untimely by fourteen years, Cordova had a full and fair opportunity to contest his removability in 2003, and Cordova had instead conceded removability and waived appeal. These findings constitute an implicit rejection of equitable tolling. *See Lona v. Barr*, 958 F.3d 1225, 1231 (9th Cir. 2020) (holding that the BIA "implicitly rejected" equitable tolling where it found that the motion was untimely by more than two years and that petitioner "had a full and fair opportunity" to contest her removability "but failed to do so").

2.     Even if Cordova's motion to reopen were timely, the BIA identified alternative, sufficient bases for denying reopening. Cordova failed to accompany his motion to reopen with an application for relief, as required by 8 C.F.R. § 1003.23(b)(3). The BIA did not abuse its discretion in invoking this as a basis for denying reopening. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1064 (9th Cir. 2008) (affirming denial of motion to reopen because, inter alia, the motion "was not

2

accompanied by an application for cancellation of removal").

Moreover, Cordova had conceded removability under 8 U.S.C. § 1227(a)(1)(B), and, without his application, the BIA found it could not assess Cordova's prima facie eligibility for relief. That determination was not an abuse of discretion either. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."). Cordova's vague claim that he provided a "detailed analysis" and "documentary evidence" is insufficient.

3. In addition, the BIA determined Cordova failed to show he warranted a favorable exercise of discretion for cancellation of removal or adjustment of status, *see Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (per curiam), the underlying relief Cordova would seek in reopened proceedings. That is another separate ground that supports the denial of Cordova's motion to reopen. Cordova argues it was legal error for the BIA to consider his convictions without assessing their immigration consequences. But the BIA in exercising its discretion may consider the record as a whole, which includes "the existence of a criminal record" and "its nature, recency, and seriousness." *See Ridore*, 696 F.3d at 920 n.5. Thus, the BIA did not err in considering Cordova's criminal record in concluding he would not be entitled to

3

relief and that reopening was thus not warranted.

4.    In the absence of any legal error, we lack jurisdiction to review the BIA's exercise of discretion in denying sua sponte reopening. *Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir. 2014). We dismiss this portion of Cordova's appeal.

**PETITION DENIED IN PART AND DISMISSED IN PART.**