NOT FOR PUBLICATION

FILED

JUN 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SALVADOR PALACIOS PEREZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 21-70952

Agency No. A205-316-190

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026[**]
Pasadena, California

Before: BYBEE, and COLLINS, Circuit Judges, and CURIEL, District Judge.[***]

Salvador Palacios Perez, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") upholding an order of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("Torture Convention"). Where, as here, the BIA adopts and affirms the IJ's decision citing *Matter of Burbano*, 20

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

I. & N. Dec. 872 (BIA 1994), we review both the BIA's and IJ's decisions. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo constitutional questions, including alleged due process violations. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition.

1. The BIA permissibly found that Palacios Perez's proposed particular social group of "Americanized Mexicans" is not cognizable under our precedent. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (holding that particular social group of persons "returning to Mexico [from] the United States [who] are believed to be wealthy" is not cognizable for purposes of withholding of removal); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (concluding that proposed group of "returning Mexicans from the United States" is too broad to qualify as a cognizable particular social group). To the extent that Palacios Perez now argues for the first time in this court that he is a member of a distinct proposed particular social group based on his relationship to his niece, who was harmed by drug traffickers, this argument is unexhausted and therefore not

2

properly before us. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23 (2023) (holding that the exhaustion requirement of 8 U.S.C. § 1252(d)(1) is a mandatory claim-processing rule that must be enforced where, as here, the Government timely invokes the rule). Because the BIA's cognizability determination is dispositive of Palacios Perez's claim for withholding of removal, we have no occasion to address the parties' remaining arguments concerning this form of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

2. In denying Palacios Perez's application for protection under the Torture Convention, the agency found, *inter alia*, that Palacios Perez had not met his burden to show that the Mexican government would consent or acquiesce to any torture of Palacios Perez should he be removed to Mexico. Palacios Perez does not meaningfully contest this finding in his opening brief and has therefore forfeited the issue. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). Because the agency's conclusion on this score is determinative of Palacios Perez's application for relief under the Torture Convention, we do not reach his other arguments concerning that claim. *See Bagamasbad*, 429 U.S. at 25.

3. We also reject Palacios Perez's contentions that the agency violated his due process rights by failing to grant him the requested forms of relief. Palacios Perez points to nothing in the record showing that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case."

3

*See Vilchez*, 682 F.3d at 1199 (citation omitted).  Rather, his arguments on this score simply recast his merits-based arguments as due process violations.  *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (holding that no colorable constitutional claim is raised when the petitioner simply "re-characterize[s]" merits arguments "as an alleged due process violation").

**PETITION DENIED.**